# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-10820
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY JAMES HOBBS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-237-2

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Timothy James Hobbs appeals the 60-month concurrent sentences imposed following his guilty plea conviction for conspiracy to counterfeit, possess, and pass United States currency, and possession of a firearm by a convicted felon. Hobbs argues that the Government repudiated and breached the plea agreement, wherein it recommended that the district court impose a sentence at the lower end of the applicable guidelines range of imprisonment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which the court determined to be 51 to 63 months. He requests that we vacate his sentence and remand for resentencing before a different district judge.

Because Hobbs did not sufficiently apprise the district court of his claim that the Government breached the plea agreement, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-33 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id*. at 1429. If the appellant makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks and citation omitted).

Hobbs has not demonstrated that his sentence is the result of any plain error. Even if it is assumed that Hobbs could establish that the Government breached the plea agreement (which we do not decide), he has not satisfied the third prong, i.e., that any alleged error affected his substantial rights. At sentencing, the district court ruled that it would not accept the Government's recommendation for a sentence at the lower end of the guidelines range, and the court made it clear that it had no intention of sentencing Hobbs at the lower end. Additionally, the district court indicated that it had considered upwardly departing from the guidelines range because Hobbs was not totally straightforward when he testified at the sentencing hearing. Hobbs has not shown that he was prejudiced by the Government's alleged breach and, therefore, has not shown plain error.

Accordingly, the judgment of the district court is AFFIRMED.